[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 25 year old plaintiff husband and the 23 year old defendant wife intermarries on June 21, 1987 at Wolcott, Connecticut. The sole child of the marriage, Robert John, was born November 20, 1987. The defendant used illegal drugs prior to the marriage, stopping such use during the pregnancy, but resuming such use thereafter, ultimately leading to her arrest, sentencing, probation and a failed drug rehabilitation program. She is presently awaiting a bed in a second drug rehabilitation program. The plaintiff also used drugs and alcohol during the early part of this marriage and the plaintiff engaged in some drug related physical abuse of the defendant.
The parties' first separation occurred in the fall of 1988 and, after reconciling, a final separation took place in October, 1989.
Two years ago the defendant received a $45,000 distribution from a trust fund. The defendant has spent it all.
The plaintiff is now living at his mother's house with the parties' son. He is locally employed as a non-union steelworker.
The defendant's mother Mary Lou Smethurst, has intervened pursuant to 45b-57, Connecticut General Statutes. A settlement of custody and visitation was reached by all parties on June 30, 1991 in a writing filed with the court October 4, 1991 (document 138).
A decree is entered dissolving the parties' marriage on the CT Page 9293 ground of irretrievable breakdown and the court adopts the provisions of the custody settlement as the order of the court concerning custody and visitation and it is incorporated in the judgment pursuant to the applicable statute. No child support is ordered.
Each party shall insure the child with any health insurance which may be available incidental to their future employment or plaintiff's future union membership. The plaintiff shall pay for and medical care rendered the child while he is in his father's custody and shall continue to maintain the present insurance available because of his COBRA rights. The parties shall remain liable on their respective liabilities. The court enters no order shifting responsibility.
No periodic alimony is ordered.
The plaintiff is ordered to return the entertainment center and two end tables. The parties shall otherwise retain as their sole property all other tangible personal property as presently possessed.
No allowance to defend is awarded.
The court adopts the court order of February 19, 1991 as part of the judgment. The order allowed the counsel for the minor child the sum of $2,000 for her services, and each party was ordered to pay $1,000 of the allowance. If counsel for the minor is seeking an additional allowance, a motion for same should be filed promptly.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.